NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

KEVIN CLAY,
*Appellant.*

No. 1 CA-CR 20-0163
FILED 3-23-2021

Appeal from the Superior Court in Maricopa County
No.  CR2017-148141-001
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

### MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

**W E I N Z W E I G**, Judge:

¶1          Kevin Lamonte Clay appeals his felony murder conviction. Because he shows no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2          Around midnight in October 2017, Roy Wilson and L.G. ("Victim") were rummaging through a pile of discarded items near the street when Clay approached them, flashing cash and asking for help buying drugs. Wilson and the Victim ignored Clay and he left but soon returned. This time, however, Clay was smoking methamphetamine, and Victim accepted Clay's offer to "party" in his motel room. Wilson joined them.

¶3          Once in the room, Clay removed his shirt and touched Victim without her consent. Victim rebuffed these unwanted advances until the conversation turned to heroin. At that point, Clay pushed Wilson out of the motel room with $100 and directions to buy more methamphetamine, leaving Clay and Victim alone. Wilson did not return but instead fell asleep at a gas station. He woke up several hours later and dashed to the motel, alarmed that Victim never returned. Wilson could not find the Victim. Motel security cameras recorded Clay leaving his motel room with a bundle of sheets, which were later found to contain Victim's corpse.

¶4          The State indicted Clay on premeditated and felony first-degree murder, sexual assault, kidnapping, robbery, and abandonment or concealment of a dead body. The court held a nine-day jury trial. At the close of evidence, Clay requested a provocation manslaughter instruction, which the court denied. The jury found him guilty of felony first-degree murder, kidnapping, and abandonment or concealment of a dead body.

---

[1]      We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

Clay appealed his first-degree murder conviction.  We have jurisdiction. *See* A.R.S. §§ 13-4031, -4033.

## DISCUSSION

**¶5**　　　　Clay presses two arguments on appeal.  He first argues the superior court erred by denying his request for a provocation manslaughter instruction.  We review for harmless error, *State v. Lewis*, 236 Ariz. 336, 346, ¶ 44 (App. 2014), and find none because the jury convicted Clay of first-degree murder after receiving jury instructions on first-degree and second-degree murder, *State v. Nelson*, 229 Ariz. 180, 186, ¶ 24 (2012) ("When a jury is given a choice between first-degree murder and second-degree murder and convicts on first-degree murder, it has necessarily rejected manslaughter.").

**¶6**　　　　Second, Clay contends the court should have instructed the jury to consider first-degree and second-degree murder at the same time. Because Clay did not raise the objection at trial, we review for fundamental error.  *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).  We find no fundamental error because the jury convicted Clay of first-degree murder and thus did not need to reach second-degree murder.  *State v. Canion*, 199 Ariz. 227, 231, ¶ 13 (App. 2000).  A properly instructed jury considers a second-degree murder instruction only after acquitting a defendant on both theories of first-degree murder.  *Id.*

## CONCLUSION

**¶7**　　　　Because Clay shows no error, we affirm his conviction.

